# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

KATHLEEN BURKE,

      Plaintiff,

v.                                                                                  No. 17-cv-926 JCH-SCY

TSG RESOURCES, INC.,
d/b/a/ SCHUMACHER CLINICAL
PARTNERS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On September 15, 2017, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 4). Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to plead sufficient facts to state an age discrimination claim. Plaintiff opposes the motion arguing that the allegations are sufficient to survive dismissal, and alternatively, requests leave to amend her complaint should the Court find she failed to state a claim. The Court, having considered the motion, briefs, pleadings, and applicable law, concludes that Plaintiff has failed to state a plausible age discrimination claim under the NMHRA, but that Plaintiff's request for leave to file an amended complaint should be granted. The Court will therefore deny Defendant's motion to dismiss at this time.

    **I.**    **FACTUAL ALLEGATIONS**

Plaintiff began working for Defendant as a Medical Scribe in November 2009. Pl.'s Am. Compl. ¶ 6, ECF No. 1-2. In March 2014, Plaintiff was assigned a new supervisor. *Id.* ¶ 8. The new supervisor almost immediately began subjecting Plaintiff to a hostile work environment by threatening her with insubordination, changing her work schedule, and reducing her scheduled

hours. *Id.* ¶¶ 9-10. In September 2014, Plaintiff's supervisor began disciplining her for not working nights, even though she had a five-year agreement to not work nights. *Id.* ¶ 12. Plaintiff was written up again in July 2015 for not working nights. *Id.* ¶ 13. Plaintiff was given a final warning in September 2015 for not working an unscheduled night shift. *Id.* ¶ 15. Although Plaintiff complained about her supervisor, no action was taken. *Id.* ¶¶ 11, 14.

In December 2015, Plaintiff was notified that Defendant lost its contract with the hospital. *Id.* ¶ 16. On January 16, 2016, Plaintiff was notified she was being terminated and she was not given any opportunity to transfer to another location of Defendant. *Id.* ¶¶ 17, 19. "Plaintiff is aware of younger Scribes being transferred with Defendant." *Id.* ¶ 18. After timely filing an EEOC/NMHRB charge and receiving her Notice of Right to Sue letter, *id.* ¶ 5, Plaintiff filed suit for age discrimination under the New Mexico Human Rights Act ("NMHRA"), *id.* ¶ 22, for "unjustly disciplining her, reducing her work hours, and subjecting her to a hostile work environment," *id.* ¶ 23. At the time she filed her lawsuit, Plaintiff was 49 years of age. *Id.* ¶ 7.

## II. STANDARD

On a motion to dismiss, the court assesses the legal sufficiency of the allegations contained within the four corners of the complaint. *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008). Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all well-pleaded facts, viewing them in the light most favorable to the nonmoving party and allowing all reasonable inferences in favor of the nonmoving party. *Archuleta*, 523 F.3d at 1283. The court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The complaint

"does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For discrimination claims, a plaintiff need not set forth a prima facie case for each element in her complaint, but examining the elements of the cause of action helps a court determine whether the plaintiff set forth a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012).

### III.   ANALYSIS

The NMHRA makes it unlawful for an employer "to discharge, to promote or demote or to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of … age." N.M. Stat. Ann. § 28-1-7(A). New Mexico courts frequently look to federal law for guidance when analyzing NMHRA claims. *See, e.g., Ulibarri v. State of New Mexico Corrections Academy*, 2006-NMSC-009, ¶ 11, 131 P.3d 43; *Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (N.M. 1990) (following guidance of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), when examining race and age discrimination claims under NMHRA).

To make a prima facie case of age discrimination, Plaintiff must prove (1) she is over 40 years old; (2) she suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015); *Cates v. Regents of New Mexico Institute of Min. & Technology*, 1998-NMSC-002, ¶¶ 17-19, 954 P.2d 65. *See also MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1277 (10th Cir. 2005) (stating requirements for prima facie case of disparate treatment are that (1) plaintiff was member of protected class, (2) she was disciplined, and (3) she was treated differently than similarly situated employees for the same or similar conduct). Adverse employment actions include acts that constitute "a significant

change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1268 (10th Cir. 2005) (quoting *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998)). The Tenth Circuit liberally interprets the adverse action prong, and courts must examine the unique factors relevant to each case. *Id.* A plaintiff may satisfy the inference of discrimination factor by showing that the employer treated similarly situated employees more favorably than the plaintiff. *Hysten v. Burlington Northern and Santa Fe Ry. Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002).

### A. Discipline and reduced hours

Defendant argues that disciplining Plaintiff for failing to work the night shift and reducing her hours do not amount to adverse employment actions, because there are no allegations suggesting the events led to a significant change in employment status. Defendant also contends that Plaintiff failed to plead facts to connect her discipline and reduction in hours to her age.

Although Plaintiff alleges that younger employees were transferred, while she was not, Plaintiff does not allege that there were younger, similarly situated employees who did not suffer disciplinary actions or reduced work hours, while she did. Plaintiff has not shown sufficient non-conclusory facts to indicate that the supervisor's imposition of discipline was because of her age, rather than because of her failure to work night shifts. Plaintiff has therefore failed to state a plausible claim related to the theory that she suffered age discrimination when Defendant "unjustly disciplin[ed] her" and "reduc[ed] her work hours," Am. Compl. ¶ 23, ECF No. 1-2. *Cf. Khalik*, 671 F.3d at 1193-94 (concluding that plaintiff failed to state a plausible claim where there were no allegations of similarly situated employees who were treated differently and no

facts relating to alleged discrimination). The Court therefore need not consider whether the write-ups and warnings constitute adverse employment actions.

### B. Termination and failure to transfer

Defendant additionally argues that Plaintiff has not sufficiently alleged that her termination and Defendant's failure to transfer her were because of age discrimination. Defendant asserts that the only fact tying her termination and failure to transfer to age discrimination is that Plaintiff was aware that younger scribes were transferred by Defendant, while she was not. Defendant contends that Plaintiff's complaint contains no allegations regarding whether she was qualified to transfer, applied to transfer, and was denied a transfer. Accordingly, Defendant asserts that Plaintiff failed to allege that she was qualified for a position, and was willing and able to transfer, yet younger individuals were given transfers instead.

Although Plaintiff need not allege every element of a prima facie case, Plaintiff must allege sufficient facts to support a plausible inference that her termination and the failure to permit her to transfer was because of her age. Plaintiff alleges that her termination followed Defendant's loss of its contract with the hospital. Plaintiff has pled no other facts linking her termination to age-based discrimination. The closest Plaintiff comes to linking an employment action to her age is the allegations that she was aware of younger scribes being transferred and she was not given any opportunity to transfer to another location. Plaintiff, however, has not asserted any facts regarding whether she was qualified to transfer, expressed a desire to transfer, applied to transfer, or was denied a transfer. The factual allegations made in the Amended Complaint are too conclusory to support a reasonable inference that Plaintiff was qualified for the transfer opportunity, attempted to transfer, and that Defendant availed younger scribes who were similarly situated to her of the transfer instead. *Cf. Khalik*, 671 F.3d at 1193-94 (concluding

that plaintiff failed to state a plausible claim where there were no allegations of similarly situated employees who were treated differently and no facts relating to alleged discrimination).

### C. Hostile work environment

To establish a hostile work environment claim, the plaintiff must show her employer created an environment in which the offensive conduct has the purpose or effect of unreasonably interfering with her work or was hostile or abusive. *Ulibarri*, 2006-NMSC-009, ¶ 12. A plaintiff must also show that the hostile work environment stemmed from age animus. *See Holmes v. Regents of Univ. of Colorado*, 176 F. App'x 488, at *7 (10th Cir. May 7, 1999) (unpublished) (explaining that plaintiff alleging hostile work environment under ADEA must show that harassment stemmed from age-related animus); *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) (stating that plaintiff asserting racially hostile environment must show that (1) harassment was pervasive or severe enough to alter terms, conditions, or privilege of employment; and (2) harassment was racial or stemmed from racial animus). Plaintiff has not alleged sufficient non-conclusory facts to suggest that her supervisor's threats of insubordination, changes to her work schedule, and reduction in scheduled hours were because of her age. Nor has Plaintiff asserted enough non-conclusory facts to show a pervasively abusive working environment. Consequently, Plaintiff has failed to state a plausible age-based hostile work environment claim under the NMHRA.

### D. Leave to amend

Plaintiff asks in her response that the Court allow her to amend her complaint, should it conclude that she failed to allege sufficient facts to survive Rule 12(b)(6) dismissal. Defendant asserts that the amended complaint should be dismissed with prejudice.

A party may amend her pleading once as a matter of right within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision to grant leave, after the permissive period has elapsed, is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Dismissal with prejudice may be appropriate where a complaint fails to state a claim and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

Although Plaintiff has neglected to assert the facts she would add to salvage her age discrimination claim, the Court is not convinced that amendment in this case would be entirely futile. The Court will thus grant Plaintiff's request for leave to amend her complaint, and deny Defendant's motion to dismiss at this time. Plaintiff must file her amended complaint, in accordance with Federal Rule of Civil Procedure 11, within 14 days of entry of this Memorandum Opinion and Order. Plaintiff's failure to comply with this order will result in the dismissal of her case based on Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (**ECF No. 4**) is **DENIED at this time**.
2. Plaintiff's request for leave to file an amended complaint is **GRANTED**.
3. Plaintiff must file her amended complaint, in accordance with Rule 11, **within fourteen (14) days from the date of entry of this Memorandum Opinion and**

**Order**. The failure to timely file an amended complaint will result in dismissal of the case.

_____
**UNITED STATES DISTRICT JUDGE**